**2020 UT App 44**

## THE UTAH COURT OF APPEALS

STEVE MASSENGALE,
Petitioner,

*v.*

LABOR COMMISSION AND ALLIANT TECHSYSTEMS INC.,
Respondents.

Opinion
No. 20190249-CA
Filed March 26, 2020

Original Proceeding in this Court

Richard R. Burke, Attorney for Petitioner

Jaceson R. Maughan and Christopher C. Hill,
Attorneys for Respondent Labor Commission

Bret A. Gardner and Kristy L. Bertelsen, Attorneys
for Respondent Alliant Techsystems Inc.

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES RYAN M. HARRIS and DIANA HAGEN concurred.

CHRISTIANSEN FORSTER, Judge:

¶1     Steve Massengale has petitioned this court for review of the Labor Commission's order dismissing his claim for permanent total disability benefits as untimely. We decline to disturb the Labor Commission's order.

## BACKGROUND

¶2     Massengale suffered a work-related back injury on June 28, 2002, while working for Alliant Techsystems Inc. (Alliant), and received workers' compensation benefits, including compensation for two surgeries. Over the years, Massengale's condition worsened, and on June 26, 2014, he filed an application

for hearing on a request for surgery and a claim for permanent total disability benefits. Alliant asked the administrative law judge (ALJ) to dismiss Massengale's claim for permanent total disability benefits because that claim could not be assessed until he became medically stable after the surgery. Thereafter, Massengale amended his application for hearing to address only the surgery claim and a request for add-on attorney fees. A short time later, Massengale voluntarily withdrew his claim for permanent total disability benefits.

¶3     On July 8, 2016, more than two years after he filed his initial application for hearing and more than fourteen years after his workplace injury, Massengale filed another application for hearing to adjudicate his permanent total disability claim. An ALJ dismissed this claim because it was not filed prior to the expiration of the twelve-year statute of repose applicable to disability claims in workers' compensation cases. Massengale appealed the ALJ's determination, and the Labor Commission affirmed the ALJ's order, explaining that Massengale's withdrawal of his permanent total disability claim demonstrated that he was unable to meet his burden to prove entitlement to permanent disability benefits within the twelve-year statutory period. Massengale now requests that we review the Labor Commission's decision.

## ISSUE AND STANDARD OF REVIEW

¶4     Massengale asserts that the Labor Commission misinterpreted the relevant statute and that he should therefore have been permitted to pursue his permanent total disability claim. The Labor Commission's "interpretation of a statute is a question of law, which we review for correctness." *Miller v. Utah Dep't of Transp.*, 2012 UT 54, ¶ 23, 285 P.3d 1208 (quotation simplified).

ANALYSIS

¶5 Utah law provides that a worker's claim for either temporary or permanent disability benefits is barred unless the employee

> (i) files an application for hearing with the Division of Adjudication no later than six years from the date of the accident; and

> (ii) by no later than 12 years from the date of the accident, is able to meet the employee's burden of proving that the employee is due the compensation claimed under this chapter.

Utah Code Ann. § 34A-2-417(2)(a) (LexisNexis 2019). The statute further provides, in subsection (2)(c), that the Labor Commission "may enter an order awarding or denying an employee's claim for compensation under this chapter within a reasonable time period beyond 12 years from the date of the accident, if" the employee has complied with the requirements of subsection (2)(a) above and "is actively adjudicating issues of compensability before the commission" "12 years from the date of the accident." *Id.* § 34A-2-417(2)(c).

¶6 Massengale asserts that he met the requirements for his claim to be considered within a reasonable time beyond twelve years and that his disability claim was therefore timely under subsection (2)(c). But to qualify for consideration under subsection (2)(c), a claimant must first show that he or she has complied with subsection (2)(a). *Id.* § 34A-2-417(2)(c)(i). Alliant maintains that Massengale's voluntary withdrawal of his 2014 application for permanent total disability benefits precludes him from demonstrating that he was "able to meet [his] burden of proving that [he] is due the compensation claimed" by the

twelve-year mark, as required by subsection (2)(a). *See id.* § 34A-2-417(2)(a)(ii).[1]

¶7      Subsection (2)(a) is a statute of repose.[2] *Waite v. Utah Labor Comm'n*, 2017 UT 86, ¶ 17, 416 P.3d 635. This means that, unlike a statute of limitations, the twelve-year limit can cut off a

---

1. The Labor Commission alternatively contends that Massengale could not meet subsection (2)(c)'s requirement that he be "actively adjudicating issues of compensability before the commission" because he withdrew his application for hearing with respect to his disability claim. *See* Utah Code Ann. § 34A-2-417(2)(c)(ii) (LexisNexis 2019). The parties dispute whether the requirement that a claimant be "actively adjudicating issues of compensability" is concerned only with a snapshot of what is happening at the twelve-year mark or whether it requires the claimant to be continuously adjudicating the claim before and after the twelve-year mark to preserve the Labor Commission's ability to consider the claim within a reasonable period beyond twelve years. We ultimately need not resolve this question, however, because we agree with the Labor Commission that Massengale was unable to prove his entitlement to compensation within the twelve-year period as required by subsection (2)(a). *See id.* § 34A-2-417(2)(a)(ii).

2. The court in *Waite v. Utah Labor Commission*, 2017 UT 86, 416 P.3d 635, explained that the purpose of the statute of repose was to "help[] insurance companies better manage their risks, inform[] them as to the amount of reserves they need to keep, and protect[] them against limitless litigation over old claims where causation ha[s] become tenuous," as well as to "help employers by reducing the premiums they would have to pay," and that "[t]hese are the types of policy considerations that . . . justify a legislative abridgment of a legal remedy." *Id.* ¶ 25.

claimant's right to benefits even if the circumstances giving rise to the claim have not yet occurred. *Id.* ¶¶ 11, 14. The statute of repose at issue in this case—subsection (2)(a)—bars a claim if the employee is unable to meet his or her "burden of proving that the employee is due the compensation claimed under this chapter" "by no later than 12 years from the date of the accident." Utah Code Ann. § 34A-2-417(2)(a). In the context of permanent total disability claims, this burden typically includes showing that the claimant has reached medical stability or maximum medical improvement (MMI). *See Waite*, 2017 UT 86, ¶ 14; *Macy's Southtowne Center v. Labor Comm'n*, 2019 UT App 148, ¶ 20, 449 P.3d 998. Medical stability "means that the period of healing has ended and the condition of the claimant will not materially improve." *Booms v. Rapp Constr. Co.*, 720 P.2d 1363, 1366 (Utah 1986). Only "once healing has ended[ can] the permanent nature of the claimant's disability . . . be assessed and benefits awarded accordingly." *Macy's Southtowne*, 2019 UT App 148, ¶ 20 (quotation simplified). Thus, if a claimant has not yet reached medical stability by twelve years following the accident, the statute of repose "can cut off a claimant's right to assert a claim." *See Waite*, 2017 UT 86, ¶ 14.

¶8    Because Massengale was pursuing a claim for surgery alongside his permanent disability claim, he was not in a position, at the twelve-year mark, to prove his entitlement to permanent disability benefits. Even if he could have been considered medically stable in the absence of surgery,[3] his

---

3. Massengale asserts that because he was medically stable prior to the requested surgery, he was capable of proving his permanent total disability claim within the statutory period. And had Massengale elected to pursue only his permanent disability claim at that time rather than seek surgery, we might be inclined to agree. But having elected to pursue the surgery, which was

(continued…)

continued pursuit of surgical options to improve his condition at the time of filing his application for hearing precluded any finding that he had reached MMI because there was no way of knowing how the surgery would affect his impairment until after he healed from surgery. Without his having reached MMI, Massengale's permanent total disability claim was not ripe for adjudication within the twelve-year statutory period.

¶9    Massengale's inability to prove his claim for permanent disability benefits is effectively demonstrated, as the Labor Commission observed, by his decision to voluntarily withdraw his application for hearing with respect to that claim. If he "had been able to prove entitlement within the 12-year period, no withdrawal would have been necessary." Indeed, having been approved for the surgery to be paid by his employer—a surgery he requested—Massengale could not continue to pursue his permanent total disability claim until after the surgery was complete and he had recovered from it. Because Massengale could not show that he had reached MMI by the twelve-year mark, he could not prove his entitlement to permanent total disability benefits within the statutory period, and the statute of repose therefore barred his claim.

---

(…continued)

expected to materially improve Massengale's condition to some unknown degree, Massengale could not have been considered to have reached MMI. Massengale laments the fact that claimants in his position—those who may elect to undergo surgery on the eve of the twelve-year deadline—are effectively forced to choose between seeking surgery and seeking permanent total disability benefits. While we acknowledge and are sympathetic to the unfortunate nature of the position in which Massengale has found himself, such situations are the inevitable result of our legislature's choice to implement a twelve-year statute of repose in workers' compensation cases.

CONCLUSION

¶10    Because Massengale was continuing to pursue a surgery that had the potential to materially improve his condition at the time the statute of repose expired, he could not establish his entitlement to permanent total disability benefits within the twelve-year statute of repose. Thus, the Labor Commission did not err in determining that the statute of repose barred his disability claim. Accordingly, we decline to disturb the Labor Commission's decision.

———————